## RUSH v. EMMONS.

1. Appeal and Error—Questions of Fact—Equity—Credibility of Witnesses.

On appeal from decree in equity where controversy is essentially one of fact and testimony of respective parties is contradictory and irreconcilable the appellate court should accord considerable weight to fact that trial judge has an opportunity to see and hear the witnesses and is better able to judge their credibility.

2. Vendor and Purchaser—Tender of Deed.

Purchasers under land contract would not be entitled to rescind contract for failure to tender such a deed as is required by terms of contract in absence of showing that demand for correction of deed was refused or would have been refused had it been made.

3. SAME—RESCISSION—DELAY—CONTINUED PERFORMANCE.

Purchasers under land contract who delayed bringing suit for rescission of contract several years after making alleged demands for deed pursuant thereto *held,* to have waived right to rescission on such basis where the delay was coupled with continued performance of the contract.

Appeal from Calhoun; Hatch (Blaine W.), J. Submitted June 8, 1938. (Docket No. 35, Calendar No. 40,069.) Decided October 3, 1938.

Bill by Alva D. Rush and Verda E. Rush against Myron S. Emmons and wife and others to obtain cancellation and rescission of a land contract. From decree rendered, plaintiffs appeal. Affirmed.

*N. A. Cobb,* for plaintiffs.

*Kirschman & Kirschman,* for defendants.

BUSHNELL, J. Plaintiffs, who are the vendees in a land contract dated May 20, 1924, filed a bill of complaint seeking cancellation and rescission thereof because of a claimed breach of the contract by defendants. Defendants Emmons were the original vendors. They conveyed to defendants Hague and Kelser, who in turn assigned their interest to defendant Finance & Investment Service Company. The land contract provided that vendors might place a first mortgage upon the property described therein in a sum not to exceed $2,000, and that, when the balance due upon the contract should be reduced to the amount of the existing mortgage, deed would be given. The vendees agreed to "accept said deed, subject to said mortgage." Plaintiffs, in 1925, while in possession of the property under the land contract, consented to a mortgage to the Central Na-

tional Bank of Battle Creek in the sum of $2,500. Plaintiffs claim that they made repeated oral demands for a deed and, in 1936, made a written demand, but that no deed was ever tendered them. Defendants insist that a deed was delivered to and accepted by plaintiffs in 1932, but that it was returned by them to defendant finance company's office and put with plaintiffs' papers at their request. Defendants' explanation of the return of the deed is that plaintiffs then preferred to make their payment to defendant finance company rather than to deal with the Central National Bank. Thereafter plaintiffs continued to make payments upon the contract to defendant finance company, who in turn paid such moneys to the mortgagee, who credited the same upon the mortgage. In 1934, plaintiffs discontinued making their payments to the finance company and dealt directly with the Central National Bank until January, 1935, at which time they ceased making any payments whatsoever. After the claimed formal written demand for a deed, in accordance with their contract, plaintiffs served a notice of election to rescind the contract and demanded the return of the moneys paid thereon.

The deed, dated November 10, 1932, claimed by appellees to have been accepted by plaintiffs, appears as an exhibit in the record. This deed recites that the premises are free from all incumbrances excepting a certain mortgage in the sum of $2,500, "which mortgage said second parties hereby assume and agree to pay according to the terms thereof."

The trial judge filed an opinion in which he stated that the testimony showed there was delivery of this deed to plaintiffs in 1932 and that the same was returned by them under the circumstances stated by defendants and that their continuation of pos-

session and recognition of the contract from 1932 to the claimed date of rescission was a waiver of their right to rescind the contract. The court held that plaintiffs had failed to make out a case entitling them to rescission but that they were entitled to a deed *subject to* the existing mortgage. Decree was entered in accordance with the opinion, from which plaintiffs appeal.

The controversy is essentially one of fact. The trial judge preferred to believe defendants' version and, after an examination of the record, we are satisfied that his finding was correct. Particularly where the testimony of the respective parties is as contradictory and irreconcilable as appears from the record in the instant case an appellate court should accord considerable weight to the fact that the trial judge has an opportunity to see and hear the witnesses and is better able to judge their credibility.

The 1932 deed required plaintiffs to assume and agree to pay the mortgage while their contract entitles them to a deed subject to the mortgage. Assuming that the circuit judge was correct in his findings of fact, the question of law remains as to whether plaintiffs may rescind upon the ground that the deed tendered did not conform to the contract.

There is nothing in the record to indicate, nor do appellants claim, that they ever requested defendants to correct the erroneous language in the deed. In fact appellants claim they never received the deed and they challenge the trial court's finding to the contrary. Appellants should not be permitted to rescind the contract in the absence of a showing that a demand for correction was refused or that defendants would have refused to accede to such a demand. Judgment for money paid upon a land

contract was reversed in *Cossett* v. *O'Riley,* 160 Mich. 101, where the court refused to charge the jury that "if the defendant offered to perfect the title to these premises, and you further find that the defendant could have perfected the title, then and in that case the plaintiff could not rescind the contract for such defect."

Even though we should assume that no deed was ever delivered by appellees, plaintiffs have waived their right to rescind the contract because of their delay in bringing the action, coupled with their continued performance of the contract. See *Bennett* v. *Hickey,* 112 Mich. 379.

Appellants in their reply brief argue that they did not waive their right to claim a deed. This argument is beside the point. Defendants are not contending that they are not entitled to a deed, and the trial court provided in its decree that defendants should execute and deliver a deed in accordance with the terms of the contract. Plaintiffs are not entitled to rescind under this record and the decree of the trial court is affirmed, with costs to appellees.

WIEST, C. J., and SHARPE, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred. BUTZEL, J., took no part in this decision.